
FILED
2022 Apr-19  AM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BONHAM, and ) <br> DAVID BLAZER, JR., ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> AUTOZONERS, LLC; AND ) <br> AUTOZONE STORES, INC., ) <br> ) <br>     Defendant. ) | Case No. _____ <br><br> JURY DEMAND |

## COMPLAINT

Plaintiffs David Blazer, Jr. and Patricia Bonham, former employees of Autozoners, LLC and AutoZone Stores, Inc. (hereinafter collectively "Defendant" or "AutoZone"), allege the following Complaint pursuant to 29 U.S.C. §201 et seq., the Fair Labor Standards Act (FLSA).

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as it arises under the laws of the United States.

2. AutoZone is subject to personal jurisdiction in this district as it regularly does business in the State of Alabama through its retail outlets including the ones at which Plaintiffs were employed. At all times relevant to this case,

AutoZone was and has been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) as AutoZone is a corporation whose contacts with the State of Alabama as alleged above are sufficient to establish personal jurisdiction over it in Alabama.

## PARTIES

4. Autozoners, LLC is a corporation conducting business in the Northern District of Alabama. Autzoners, LLC operates Autozone stores nationwide, including in the Northern District of Alabama.

5. AutoZone Stores, Inc. is a corporation conducting business in the United States District Court for the Northern District of Alabama.

6. Autozoners, LLC and Autozone Stores, Inc. are hereafter referred to collectively as "Defendant" or "AutoZone."

7. Plaintiff Patricia Bonham currently resides in Birmingham Alabama. At all times material, Bonham was employed by AutoZone in the Birmingham, Alabama area.

8. Plaintiff David Blazer, Jr. currently resides in Haleyville, Alabama. At all times material, Blazer was employed by AutoZone in Haleyville and Winfield, Alabama.

9. At all times material to this action, AutoZone is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. At all times relevant to this action, AutoZone was an employer of the Plaintiffs as defined by §203(d) of the FLSA.

11. At all times material to this action, the Plaintiffs are and/or were an employee of AutoZone as defined by §203(e)(1) of the FLSA, and worked for AutoZone within the territory of the United States within the statutory time limits of this case.

## THE STATUTE OF LIMITATIONS

12. On August 21, 2017, Blazer and Bonham filed Consent to Joint Lawsuit Forms against AutoZone and opted into the case of <u>Hope Carr, et al. v. AutoZone, Inc.</u>, Case No. 5:15-cv-00356-AKK in Alabama. On December 3, 2021, the opt-in plaintiffs, including Blazer and Bonham, were dismissed without prejudice following decertification of the matter. In that Order, the Court tolled the statute of limitations for an additional 90 days. Thus, for the period of time Blazer and Bonham were litigants in <u>Carr, et al.</u> and for 90 days after their dismissal without prejudice, the statute was tolled.

## CLAIMS: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

13. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. to recover unpaid compensation owed to Plaintiffs pursuant to the FLSA.

14. AutoZone has had a uniform policy and practice of consistently requiring its alleged "managerial" employees to work over 40 hours per week for a salaried amount without overtime compensation.

14. Bonham was employed as a Store Manager from 2009 to 2018 at locations in Bessemer, Birmingham, and Tarrant City, Alabama.

15. Blazer was employed as a Store Manager from 2015 to 2018 at locations in Haleyville and Winfield, Alabama.

16. Plaintiffs were employed with AutoZone in the position denominated as "Store Manager."

17. Plaintiffs spent the majority of their time performing non-managerial functions including, but not limited to, arranging merchandising in the store, including "planograms" for display, working at the counter in an "inside" sales capacity, stocking, cleaning up, greeting and servicing customers, installing parts on cars such as batteries, windshield wipers, alternators, and starters, entering orders into the computer, operating the cash register, arranging products, counting inventory parts, and other typical non-exempt tasks.  Plaintiffs managerial duties were minimal, at best, compared to the non-managerial duties regularly performed.

18. Plaintiffs were paid a specified weekly salary. Plaintiffs were not paid any overtime compensation despite the fact that these employees worked well over the required 40 hours a week to entitle them to overtime pay at time and one-half for all hours worked over 40 each week.

19. The vast majority of Plaintiffs' time was spent on non-exempt tasks similar to jobs performed by other non-exempt Managers. The few exempt tasks that Plaintiffs worked on were tasks spelled out in detail in the AutoZone manual, which provided a step-by-step duty on each and everything that the Plaintiffs did or had to do to comply with corporate policy.

20. As Store Managers, Plaintiffs spent minimal time performing jobs relating to management of the store.

21. Plaintiffs were closely monitored and supervised by a District Manager. The District Manager called the store constantly to discuss in detail sales and operations, giving specific instructions regarding what needed to be accomplished in the store that day, and making decisions for the store.

22. The duties and responsibilities of a Store Manager are substantially similar to those of the hourly managerial employees. Plaintiffs' managerial duties are minimal, at best, compared to the non-managerial duties regularly performed.

23. AutoZone has a uniform corporate policy and practice requiring Store Managers to work well over forty (40) hours in a workweek for a salaried amount

without the option of overtime compensation.

24. The services performed by Plaintiffs were a necessary and integral part of and directly essential to AutoZone's business strategy.

25. AutoZone has intentionally failed and/or refused to pay Plaintiffs according to the provisions of the FLSA.

26. AutoZone has been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation. Despite this knowledge, AutoZone has failed to pay the Plaintiffs the mandatory lawful overtime compensation to conform their duties to the requirements of the FLSA.

27. AutoZone has not made a good faith effort to comply with the FLSA.

WHEREFORE, the Plaintiffs pursuant to §216(b) of the FLSA, pray for the following relief:

A. Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or pre-judgment interest.

B. Plaintiffs' reasonable attorney's fees, including the costs and expenses of this action.

C. Such other legal and equitable relief, including, but not limited to, any injunctive or declaratory relief to which they may be entitled and Plaintiffs further demand a trial by struck jury on all issues related to this case.

Respectfully submitted,

 /s/ *Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (ASB-5324-A61R)
Kevin W. Jent (ASB-0804-E61K)
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)
(205) 254-1500 (Facsimile)
rcalamusa@wigginschilds.com
kjent@wigginschilds.com

COUNSEL FOR PLAINTIFFS


PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

Plaintiffs request this Honorable Court to serve via certified mail upon the defendants the following: Summons, Complaint.

<u>DEFENDANTS' ADDRESSES:</u>

Autozoners, LLC
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

Autozone Stores, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL